IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Country Music Association Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket No. 3:10-cv-00567 |
| ) | Judge Haynes |
| Benjamin Walker, John Does 1-30, Jane Does 1-30 and ) | Magistrate Judge Griffin |
| ABC Companies 1-30, all unknown individuals ) | |
| and business entities, inclusive, ) | |
| ) | |
| Defendants. ) | |

## ORDER OF JUDGMENT AND PERMANENT INJUNCTION

This civil action is before the Court upon the Plaintiffs' Verified Complaint (Docket Entry 1) and First Amended Complaint (Docket Entry 13); the Affidavit of Carl Gibbs (Docket Entry 5); the Temporary Restraining Order; Order Authorizing Seizure of Merchandise; and Notice of Hearing on Plaintiff's Motion for Preliminary Injunction (Docket Entry 7); and the Court's Order resetting the preliminary injunction hearing to be heard on July 16, 2010 and ordering that the Defendant state why the hearing on Plaintiff's Motion for Preliminary Injunction should not be consolidated with a hearing on the merits (Docket Entry 15); upon the failure of Defendant Walker or any other defendants to oppose the Plaintiff's motion or state why Plaintiff's Motion for Preliminary Injunction should not be consolidated with a final hearing on the merits; upon the introduction by Plaintiff of Exhibits 1 through 5 at the hearing on Plaintiff's Motion For Temporary Restraining Order and Preliminary Injunction on June 9, 2010; upon the introduction by Plaintiff of Exhibits 6 through 8 at the hearing on the merits on July 16,

2010; upon the statements of counsel of record for the Plaintiff in open Court; and upon the entire record in this cause, from all of which the Court finds that the hearing on the Motion for Preliminary Injunction should be consolidated with the trial on the merits and the Court makes the following findings of fact and conclusions of law:

Based on the record and exhibits 1 through 8 introduced in evidence, the Court makes the following findings of fact and conclusions of law including and adopting those which the Court made and reached when the Court heard and granted Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Docket Entry 3) on June 9, 2010.

1. The Plaintiff is a Tennessee not-for-profit corporation which is asserting a claim against Unknown Defendants under the Lanham Federal Trademark Act 15 U.S.C. § 1125 et seq.. The Plaintiff is also asserting the same claims against Defendant Benjamin Walker who was served with the Plaintiff's original and First Amended Complaints.

2. The Plaintiff is the owner of the CMA Music Festival trademark and registration.

3. At the CMA Music Festival in 2008 and 2009, unidentified persons sold counterfeit t-shirts bearing the CMA Music Festival trademark and related indicia and logos duplicated from official CMA Music Festival merchandise.

4. The unidentified persons sold counterfeit t-shirts bearing the CMA Music Festival trademark and related indicia and logos without a license, an agreement, or the permission of the Plaintiff.

5. When the unidentified persons selling counterfeit t-shirts were approached, they either escaped into a crowd with the counterfeit merchandise or dropped the merchandise and fled.

6. The Plaintiff has been unable to identify any of the sellers of counterfeit t-shirts bearing the CMA Music Festival trademark and related indicia and logos.

7. Local law enforcement officials can cite sellers of counterfeit merchandise for selling the merchandise without required licenses and permits, but those officials are unable to do more to help the Plaintiff protect and enforce its right to prevent sales of counterfeit merchandise bearing the CMA Music Festival trademark and related indicia and logos.

8. The Plaintiff has made reasonable efforts to identify the Defendants and enforce its rights without the injunctive relief and the seizure order the Plaintiff is requesting, but due to the Defendants' business practices, the Plaintiff's efforts have proven to be elusive and difficult.

9. The Court therefore concludes that the Plaintiff may proceed against the unknown John Doe, Jane Doe and ABC Company Unknown Defendants.

10. The Court finds from the evidence that the CMA Music Festival trademark is a strong trademark.

11. The Court finds from an examination of Exhibits 1 through 8 that the CMA Music Festival trademark and related indicia and logos appearing on counterfeit t-shirts are close, if not identical to the CMA Music Festival mark and related indicia and logos appearing on official CMA Music Festival merchandise.

12. The Court finds from the evidence that some persons attending the CMA Music Festival in 2009 purchased counterfeit t-shirts bearing the CMA Music Festival trademark and related indicia and logos, in the belief that they were purchasing official CMA Music Festival merchandise, because some of those persons sought to return the counterfeit t-shirts and exchange them for official CMA Music Festival merchandise.

13. The Court therefore concludes from the evidence that there was actual confusion between the counterfeit t-shirts and the official CMA Music Festival t-shirts on the part of some purchasers of counterfeit t-shirts.

14. The Court finds from the evidence that at the CMA Music Festival in 2009, the Defendants offered to sell and sold counterfeit t-shirts bearing the CMA Music Festival mark and related indicia and logos at the same venues and locations where the Plaintiff offered to sell and sold official CMA Music Festival t-shirts.

15. The Court therefore concludes that the Defendants have sold their counterfeit merchandise in the same marketing channels as those employed by the Plaintiff.

16. The Court concludes from the evidence that the Defendants intentionally selected the Plaintiff's CMA Music Festival mark and related indicia and logos to derive a benefit from the reputation of the Plaintiff, the CMA Music Festival event, and the strength of Plaintiff's trademark.

17. The Court therefore concludes that the counterfeit t-shirts bearing the CMA Music Festival Mark and related indicia and logos are likely to cause confusion, or to cause mistake or to deceive consumers in violation of 15 U.S.C. § 1114.

18. The Court concludes from all of the evidence that the Defendants have offered to sell and sold counterfeit t-shirts bearing the CMA Music Festival trademark and related indicia and logos at CMA Music Festivals in the past, and that the Defendants have done so without a license, an agreement, or the permission of the Plaintiff.

19. The Court finds from the evidence that the Defendants sold counterfeit t-shirts at the CMA Music Festival in 2010, and that they are likely to offer for sale and sell counterfeit t-

shirts bearing the CMA Music Festival trademark and related indicia and logos at CMA Music Festivals in the future.

20. The Court therefore concludes that the Plaintiff will continue to suffer irreparable harm from the sale of counterfeit t-shirts and other merchandise bearing the CMA Music Festival trademark and related indicia and logos unless the Defendants are permanently enjoined and their counterfeit t-shirts made the subject of an order of seizure pursuant to 15 U.S.C. § 1116.

21. The Court finds from the evidence that the way in which the Defendants do business prevents the Plaintiff from identifying the Defendants and also prevents the Plaintiff from discovering facts necessary to support a money judgment at law and that prevents the Plaintiff from enforcing any money judgment at law. The Court further finds that without the permanent injunctive relief and order of seizure requested by the Plaintiff, the Plaintiff will be required to initiate a new civil action in this Court before each CMA Music Festival in the future.

22. The Court therefore concludes that the Plaintiff has no adequate remedy at law to enforce and protect its rights to prevent others from selling counterfeit t-shirts and other merchandise bearing the CMA Music Festival trademark and related indicia and logos.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

1. That the hearing on Plaintiff's Motion for Preliminary Injunction be and the same is hereby consolidated with a hearing on the merits pursuant to Rule 65(a)(2), Federal Rules of Civil Procedure and pursuant to this Court's Order that the Defendant state why the hearing on Plaintiff's Motion for Preliminary Injunction should not be consolidated with a hearing on the merits (Docket entry 15).

2. That judgment be and the same is hereby entered in favor of the Plaintiff and against Defendants Walker and the unknown John Doe, Jane Doe and ABC Company Unknown Defendants for the relief set forth in this Order.

3. That Defendant Walker and the John Doe, Jane Doe and ABC Company Unnamed Defendants, their agents, servants, employees, officers, attorneys, and all persons, firms or corporations acting in concert with them, be and they are hereby permanently enjoined from manufacturing, distributing, selling, offering for sale, holding for sale or advertising, any products, merchandise or goods bearing the CMA Music Festival trademark, indicia or logos of the Plaintiff or any colorable variation or imitation thereof.

4. That local and state police, sheriffs, and/or any other persons acting under their supervision be and they are hereby authorized pursuant to 15 U.S.C. Section 1116 to seize and impound any and all counterfeit t-shirts or other merchandise bearing the CMA Music Festival trademark, indicia or logos which any of the Defendants are attempting to sell, distribute or hold for sale within the vicinity of Nashville, Davidson County, Tennessee shortly before, during and shortly after the CMA Music Festival.

4. That counterfeit merchandise seized pursuant to the Temporary Restraining Order; Order Authorizing Seizure of Merchandise; and Notice of Hearing on Plaintiff's Motion for Preliminary Injunction (Docket entry 7), which the Plaintiff has accounted for and delivered to the Clerk of this Court pursuant to the same order, be and the same is hereby ordered destroyed.

5. That the Plaintiff be and it is hereby ordered to maintain its undertaking in the form of a bond in the amount of $10,000.00 to secure the payment of such costs and damages not

to exceed the amount of such bond, as may be suffered or sustained by any party who is found to have been wrongfully restrained by the provisions of this Order.

6. That this Permanent Injunction shall become binding upon Defendant Walker upon its entry and upon any of the unknown John Doe, Jane Doe and ABC Company Unknown Defendants upon service of the Permanent Injunction upon any of them.

7. That this Permanent Injunction may be enforced by the seizure of any counterfeit merchandise being sold or offered for sale or manufactured or distributed or held for sale in violation of the provisions of the Permanent Injunction consistent with any other applicable local law or ordinances.

8. That this Permanent Injunction together with all the pleadings filed in this civil action by the Plaintiff be and the same shall be served upon any Unnamed Defendants if and when they are observed by the Plaintiffs or any law enforcement official to be selling or offering to sell counterfeit merchandise bearing the CMA Music Festival trademark and related indicia and logos, in the vicinity of Nashville, Davidson County, Tennessee shortly before, during and shortly after any CMA Music Festival presented by the Plaintiff in the vicinity of Nashville, Davidson County, Tennessee.

9. That any of the defendants served with this Permanent Injunction and the pleadings previously filed by the Plaintiff in this civil action whose merchandise is seized pursuant to the provisions of this Order may challenge the seizure of their merchandise and the permanent injunction by filing any appropriate pleading in this civil action.

10. That this Permanent Injunction shall not limit any other remedies available to the Plaintiff or law enforcement officers.

Entered this 31st day of August, 2010.

_____
United States District Judge William J. Haynes

APPROVED FOR ENTRY

_____/s/ R. Horton Frank, III_____
R. Horton Frank, III, Esq. (TN BPR #7273)
Luna Law Group, PLLC
333 Union Street, Suite 300
Nashville, TN 37201
(615) 254-9146

### CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Order of Judgment and Permanent Injunction has been served by U.S. Mail, postage pre-paid, on this the 30th day of August, 2010, on:

Benjamin Walker
79 Hallero Avenue
Buffalo, NY 14211

_____/s/ R. Horton Frank, III_____